UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTINA D'ANGELO | CIVIL ACTION |
| VERSUS | NO: 09-3667 |
| MICHAEL PINTADO, ET AL | SECTION: "S" (4) |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the Motion to Stay (Doc. #19) filed by Michael Pintado is **DENIED**.

**BACKGROUND**

On October 8, 2008, former Assumption Parish Deputy, defendant herein, Michael Pintado ("Pintado"), was indicted in the Twenty-Third Judicial District Court for the Parish of Assumption, State of Louisiana on charges of aggravated kidnaping, obscenity, malfeasance in office, and sexual battery relating to a June 12, 2008 incident involving plaintiff herein, Christina D'Angelo ("D'Angelo"). (Docs. #1, #19). On May 27, 2009, D'Angelo filed the above captioned action asserting claims under 42 U.S.C.A. §1983, and under Louisiana tort law for intentional infliction of emotional distress. (Doc. #1). Specifically, D'Anglo alleges that on June 12, 2008, she was traveling on Louisiana Highway 1 near Labadieville, Louisiana when Pintado, on "routine patrol" executed a "pre-textual traffic stop" of her vehicle. Id. D'Anglo further alleges that Pintado physically and sexually assaulted her, causing her extreme humiliation, embarrassment, and psychological injury for which she has undergone, and will continue to require, treatment. Id.

D'Angelo also asserted claims against the Assumption Parish Sheriff, Michael Waguespack ("Waguespack") alleging that he is liable under 42 U.S.C.A. § 1983, pursuant to the Monell doctrine for failure to implement psychological screening of deputies, and policies of deliberate indifference to citizens' civil rights, evidenced by Pintado's inadequate training. Id. D'Angelo also alleges that Waguespack is liable for Pintado's alleged intentional infliction of emotional distress pursuant to the doctrine of *respondeat superior*. Id.

Pintado filed this motion to stay, asking that this civil proceeding be stayed pending the conclusion of the state court criminal matter. Pintado argues that this matter should be stayed because this case and the criminal matter arise out of the same facts, he has been indicted in the criminal matter, a stay will not substantially prejudice D'Angelo, and may actually assist her case, he intends to invoke his Fifth Amendment right against self incrimination in the context of civil discovery, moving forward will prejudice him, and it is in the court's and public's interest to stay the civil proceedings. D'Angelo opposes the motion arguing that she waited nearly a year from the date of the incident to file her civil action hoping that the criminal matter would be resolved and that she should not have to wait any longer. She also argues that considerations of Pintado's Fifth Amendment rights should carry little weight because he incriminated himself through his statement in the criminal matter. Alternatively, D'Angelo argues that if Pintado is entitled to a stay, Waguespack is not.

**LAW AND ANALYSIS**

There is no general constitutional, statutory, or common law prohibition against the simultaneous prosecution of parallel criminal and civil actions. SEC v. Fist Fin. Group of Texas, Inc., 659 F.2d 660, 666-67 (5th Cir. 1981) (citing United States v. Kordel, 90 S.Ct. 763, 769-70 (1970)). Thus, a district court has discretion to stay a civil proceeding pending the outcome of a parallel criminal case when the interest of justice so require. U.S. v. Kordel, 90 S.Ct. at 770. Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), cert. denied, 83 S.Ct. 502 (1963). In exercising such discretion the court must consider: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighted against the prejudice to the plaintiff caused by the delay; (4) the private interest of and the burden on the defendants; (5) the interest of the courts; and (6) the public interest. St. Martin v. Jones, 2008 WL 4534398, *1 (E.D.La. 10/2/2008) (citing Dominguez v. Hartford Fin. Serv. Group, 530 F.Supp.2d 902, 905 (S.D. Tex. 2008); Shell Offshore Inc. v. Courtney, 2006 WL 1968926 (E.D. La. 2006)).

Here, the civil and the criminal matters overlap to a degree. At issue in the criminal proceeding are Pintado's alleged criminal acts of aggravated kidnaping, obscenity, malfeasance in office, and sexual battery. The issues in this civil matter are the alleged violations of D'Angelo's civil rights and her alleged emotional distress arising out of Pintado's alleged criminal acts. Further,

3

the civil case also involves allegations against Waguespack arising out of his alleged improper screening and training of his deputies and his alleged policies of deliberate indifference to citizens' civil rights.

Pintado has been indicted in the criminal proceedings, but the trial date has not been set. A stay of a parallel civil proceeding is most appropriate where a party has been indicted for an offense and must defend a civil action involving the same matter because it is more likely that a defendant will make incriminating statement after the indictment has been issues and the prejudice to the civil plaintiff is lessened by the likely quick resolution of the criminal matter due to Speedy Trial Act considerations. St. Martin, 2008 WL 4534396 at *2 (citing Librado v. M.S. Carriers, Inc.,2002 WL 31495988, *2 (N.D. Tex. 11/5/2002)). However, these considerations carry little weight in favor of staying this civil matter. Prior to his indictment, Pintado gave a detailed statement in the parallel criminal matter. (See Doc. # 21). There is no evidence that he is more likely to make additional potentially incriminating statements at this time.

Although Pintado may assert his Fifth Amendment right against self incrimination in this proceeding, to warrant a stay, he must show that the civil and criminal proceedings overlap to such a degree that either (1) he cannot protect himself in the civil proceeding by selectively invoking his Fifth Amendment privilege, or (2) cannot possibly effectively defend both actions. Kastigar v. U.S., 92 S.Ct. 1653, 1656 (1972); In re Neff, 206 F.2d 149, 152 (3rd Cir. 1953) (internal citations omitted); Alcala v. Texas Webb County, 625 F.Supp.2d 391, 401 (S.D. Tex. 2009) (citing Koester v. Am. Republic Inv., Inc., 11 F.3d 818, 823 (8th Cir. 1993)). Pintado has not shown any reason that

he cannot selectively invoke his Fifth Amendment rights in the context of civil discovery or that it is impossible for him to simultaneously defend the civil and criminal actions.

D'Angelo argues that she will be burdened by a stay because she deferred filing her complaint until almost a year after the alleged incident hoping that the criminal matter would be quickly resolved. Also, she argues that she requires compensation for her continuing medical expenses, impaired earning capacity, and inability to obtain closure. In evaluating a plaintiff's burden, courts ordinarily insist that the plaintiff show more prejudice than "simply a delay in [her] right to expeditiously pursue [her] claim." Whitney Nat. Bank v. Air Ambulance, 2007 WL 1468417, *3 (S.D. Tex. 5/18/2007) (citing In re Adelphia Commc'ns Sec. Litig., 2003 WL 22358819, *4 (E.D. Pa. 5/13/2003)). But, courts recognize that evidence can be lost over time and that delay may inhibit a plaintiff from effectively trying her case. Alcala, 625 F.Supp.2d 391 at 405 (internal citations omitted). Further, a plaintiff has a valid interest in the expeditious resolution of her claim and her compensation and remedy should not be delayed. U.S. v. Fresenius Med. Care, 571 F.Supp.2d 758, 763 (W.D.Tex. 2008) (citing Gordon v. FDIC, 427 F.2d 678, 780 (D.C. Cir. 1970); Trs. Of Plumbers & Pipefitters Nat's Pension Fund v. Transworld Mech., Inc., 886 F.Supp. 1134, 1140 (S.D.N.Y. 1995)). The alleged events giving rise to D'Angelo's claims occurred on June 12, 2008, almost a year-and-a-half ago. Thus, she has already faced a significant passage of time and would be further burdened by a stay.

Pintado contends that he would be burdened without a stay because he would be conflicted between asserting his Fifth Amendment rights and fulfilling his discovery obligations. Although

a defendant faced with simultaneous, parallel civil and criminal proceedings faces the burden of choosing between his Fifth Amendment right against self incrimination or jeopardizing his civil defense, it is not unconstitutional to force a civil defendant to choose between the negative inference drawn from his silence in the civil case and his Fifth Amendment privilege. Fresenius Med. Care, 571 F.Supp.2d at 764 (internal citations omitted). Further, Pintado has only asserted the mere possibility of prejudice, has not shown specific harm that he would suffer without a stay, and has not explained why he could not otherwise protect his interests. See Id.

Finally, the court's and the public's interests are best served by denying Pintado's request for a stay. The court and the public have an interest in ensuring that matters are moved expeditiously through the judicial system. Pintado was indicted over one year ago and has not yet been tried. Further, a trial date in the criminal matter has not been set. The court fears that Pintado will attempt to use the civil case as an excuse to further delay the criminal matter. Thus, this court cannot delay this civil matter in hopes that the criminal matter will be resolved quickly.

## **CONCLUSION**

For the reasons stated above, Pintado's Motion to Stay is hereby **DENIED**.

New Orleans, Louisiana, this ___1st___ day of December, 2009.

                                           **MARY ANN VIAL LEMMON**
                                           **UNITED STATES DISTRICT JUDGE**